977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willis M. EMBERTON, Plaintiff-Appellant,
v.
HARTFORD LIFE INSURANCE; Benefit Trust Life Insurance,
Defendants-Appellees.
 No. 91-55953.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Oct. 15, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The appellant argues the disability insurance policy is ambiguous as a matter of law. We disagree.
 
 
 3
 "Courts will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists." Reserve Ins. Co. v. Pisciotta, 640 P.2d 764, 767-68 (Cal.1982). No ambiguity exists here regarding qualification for the social insurance contingency monthly benefit under the policy. The policy states that the insurance company will pay this benefit each month "a) payment is made under the Total Disability Benefit; and b) your Social Insurance benefits are not payable." The policy then defines "Social Insurance" to include "Social Security disability or retirement benefits." Emberton was not entitled to the social insurance contingency benefits under the policy while he was receiving social security disability benefits.
 
 
 4
 The appellant argues the policy is ambiguous because the "Policy Specifications" page states that "coverage [for the social insurance contingency monthly benefit] ... cease[s] at age 65 or when social security retirement benefits become payable, whichever is earlier." (emphasis added). This statement does not create an ambiguity. It merely sets out the duration of the period of coverage. It does not alter the conditions for the receipt of benefits. Under the plain meaning of the words "coverage" and "benefits," we hold there is no ambiguity in the policy. See Reserve Ins. Co., 640 P.2d at 767 ("Words used in an insurance policy are to be interpreted according to the plain meaning which a layman would ordinarily attach to them").
 
 
 5
 The district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3